# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| TROY HARDWICK, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV415-312 |
| | ) | CR412-086 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Convicted of conspiring to commit wire fraud and money laundering, Troy Hardwick moves under 28 U.S.C. § 2255 to have his sentence reduced to time served. Doc. 1. Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that his motion must be **DENIED** for the same reasons set forth in *Robinson v. United States*, No. CV415-294, doc. 2 (S.D. Ga. Nov. 16, 2015).[1] Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA

---

[1] The § 2255 motions in *Robinson* and this case are much more than "me-too" pleas for relief. Other than the names of the movant, the motions are identical. *Compare Robinson*, doc 5, *with* doc. 1. Hence, they fail for the same reasons.

should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).

**SO REPORTED AND RECOMMENDED** this 18th day of November, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA