# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

TORY HARDWICK, )
 )
    Movant, )
 )
v. ) Case No. CV415-312
 ) CR412-086
UNITED STATES OF AMERICA, )
 )
    Respondent. )

## AMENDED REPORT AND RECOMMENDATION[1]

Convicted of conspiring to commit wire fraud and money laundering, Tory Hardwick moves under 28 U.S.C. § 2255 to have his sentence reduced to time served. Doc. 442.[2] Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that grounds one, three, and four of his motion must be **DENIED** for the same reasons set forth in *Robinson v. United States*, CV415-294, doc. 2 (S.D. Ga. Nov.

---

[1] The Court *sua sponte* **VACATES** its November 18, 2015 Report and Recommendation (doc. 2) and replaces it with this one.

[2] All citations are to the criminal docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

16, 2015).[3] Ground two, which, like Hardwick's other claims, is identical to ground 2 in *Robinson*,[4] fails for the same reasons given by the Eleventh Circuit in *United States v. Reed*, 592 F. App'x 759, 761 (11th Cir. 2014).[5]

---

[3] The § 2255 motions in *Robinson* and this case are much more than "me-too" pleas for relief. Other than the names of the movant, the motions are identical. *Compare Robinson*, doc 5, *with* doc. 1. Hence, they fail for the same reasons.

[4] Ground two in its entirety:

> The sentencing court erred when it adopted the PSR as factual without reliable indicia. A violation of Movant's 5th Amendment right to due process. The relevant Conduct that the court adopted was not proven beyond a reasonable doubt, nor was the victims accurate in the PSR. The PSR charged that there was 250+ victims, when clearly the restitution is set to pay to one victim. There are several discrepancies that the Movant has been sentenced to based on the PSR that the Court adopted in its entirety.

Doc. 442 at 5.

[5] Hardwick's ground two mirrors Robinson's direct appeal claim. In addressing Robinson's, the court of appeals held that this Court:

> did not clearly err by enhancing Robinson's base offense level by six levels to account for the large number of his victims. Robinson purchased, at 65 percent of face value, thousands of electronic transfer cards and vouchers that had been issued to children as part of the Georgia Women, Infants, and Children Program (WIC Program) and the Supplemental Nutrition Assistance Program. Robinson then delivered the cards and vouchers to cashiers at children's stores that he knew would charge the cards and redeem the vouchers using fraudulent transactions and would give him cash in the amount of the transactions. Robinson argues that the only victim of his offense is the United States Department of Agriculture, which administered the state benefits programs. But a victim is "any person who sustain[s] any part of the actual loss" of an offense. U.S.S.G. § 2B1.1 cmt. n. 1. As

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).

**SO REPORTED AND RECOMMENDED** this __10th__ day of March, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

> explained in the presentence investigation report adopted by the district court, the victims of Robinson's fraud included the children who were named on the cards and vouchers as the intended beneficiaries of the programs. A defendant is subject to a six-level enhancement of his base offense level when an offense involves more than 250 victims, id. § 2B1.1(b)(2)(C), and Robinson does not dispute that the conspiracy involved the acquisition and fraudulent use of more than 250 cards and vouchers.

*Reed*, 592 F. App'x at 761. The same reasoning applies to bar Hardwick's identical claim here.